**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
WEST PALM BEACH DIVISION
Case No.:

MICHELE BUTLER,

    Plaintiff,

v.

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____/

**COMPLAINT FOR DISABILITY BENEFITS**

Plaintiff, Michele Butler, files her Complaint against Defendant, Unum Life Insurance Company of America, and says:

**I. JURISDICTION AND VENUE**

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

**II. PARTIES**

2. Plaintiff, Michele Butler ("Ms. Butler"), is a resident of Palm Beach County, Florida and was at all times relevant a participant of the long-term disability ("LTD") insurance policy at issue (the "LTD Policy"). Defendant, Unum Life Insurance Company of America ("Defendant"), is the insurer and claims administrator of the LTD Policy, is a foreign corporation authorized to do business in Florida and can be found in the Southern District of Florida.

### III. FACTS

3. At all times material to this action there was in full force and effect a group LTD Policy that was underwritten and administered by Defendant.

4. At all times material, Defendant operated under an inherent structural conflict of interest because of its dual role as administrator of claims while also serving as the insurance company paying benefits out of its own assets.

5. Ms. Butler was employed by CVS Pharmacy, Inc. as a Pharmacy Technician. By virtue of her employment, Ms. Butler was an eligible participant of the LTD Policy at all times material to this action.

6. The purpose of the LTD Policy was to provide Ms. Butler a monthly benefit in the event that she became disabled.

7. The LTD Policy defined "Disability" in pertinent part, as follows:

> You are disabled when Unum determines that:
>
> - you are limited from performing the material and substantial duties of your regular occupation due to sickness or injury; and
>
> - you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.
>
> After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

8. As demonstrated by the evidence in Defendant's claim file, Ms. Butler continues to suffer from Long COVID and related symptoms, including headache, shortness of breath, join/muscle pain, fatigue, chills, tinnitus, dizziness, cognitive dysfunction, sleep disturbance, abdominal pain and panic attacks.

9. Due to her medical conditions, Ms. Butler was forced to stop working on September 27, 2021.

10. Ms. Butler has been unable to perform the material and substantial duties of his regular or any gainful occupation since September 27, 2021.

11. In accordance with the procedures set forth by the LTD Policy, Ms. Butler submitted her LTD claim to Defendant.

12. By letter dated June 24, 2022, Defendant denied Ms. Butler's claim for LTD benefits.

13. Ms. Butler timely appealed Defendant's decision to deny LTD benefits.

14. By letter dated September 30, 2022, Defendant denied Ms. Butler's appeal of the denial of her LTD benefits.

15. In terminating Ms. Butler's LTD benefits, Defendant deemphasized medical evidence favoring disability and instead relied solely on the views of its own clinical staff.

16. Defendant's denial of Ms. Butler's LTD claim was a breach of the terms of the LTD Policy, and the decision was wrong and arbitrary and capricious.

17. Defendant further failed to discharge its fiduciary duties regarding discretionary claims processing solely in the interests of Ms. Butler as a participant of the LTD Policy.

## IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 17 as if fully stated herein and says further that:

18. Plaintiff is entitled to certain benefits of the LTD Policy consisting of past LTD benefits including prejudgment interest, retroactive to the day benefits were terminated pursuant to 29 U.S.C. §1132(a)(1)(B).

19. Plaintiff is entitled to the LTD benefits identified herein because:

    a. the LTD benefits are permitted benefits under the LTD Policy;

    b. Plaintiff has satisfied all conditions to be eligible to receive the LTD benefits;

    c. Plaintiff has not waived or otherwise relinquished his entitlements to the LTD benefits.

20. Defendant has refused to pay the benefits sought by Ms. Butler, disregarding the medical records and clear opinions of the treating physicians and independent providers evidencing disability.

21. As provided by 29 C.F.R. § 2560.503-1(l)(2)(i), when a claims administrator fails to strictly adhere to required procedures, such as deadlines for issuing decisions, "the claimant is deemed to have exhausted the administrative remedies available under the plan," can seek judicial review even if the plan's internal process has not run its course, and "the claim or appeal is deemed denied on review without the exercise of discretion by an appropriate fiduciary."

## V. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 21 as if fully stated herein and says further that:

22. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid LTD benefits, plus interest.

23. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

24. Defendant is also liable to place Plaintiff in the position that he would have enjoyed under the LTD Policy had Defendant not wrongfully terminated her LTD benefits.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Michele Butler, prays for a judgment against Defendant, Unum Life Insurance Company of America, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 9th day of November, 2022.*

> */s/ Bryn Natland*
> Bryn Natland (FBN. 86604)
> bryn@longtermdisability.net
> Edward Philip Dabdoub (FBN. 45685)
> eddie@longtermdisability.net
> DABDOUB LAW FIRM, P.A.
> 1600 Ponce de Leon Blvd., Suite 1202
> Coral Gables, Florida 33134
> Tel: (305) 754-2000
> Fax: (305) 754-2007
> *Counsel for Plaintiff, Michele Butler*